**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4147**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LETHEN DELSTONIO POLLACK, JR., a/k/a Mooky,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00164-D-1)

Submitted:  February 4, 2021                Decided:  February 16, 2021

Before GREGORY, Chief Judge, and MOTZ and RICHARDSON, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Cheyenne N. Chambers, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lethen Delstonio Pollack, Jr., pleaded guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Pollack to 57 months' imprisonment and 3 years of supervised release and imposed discretionary conditions of supervised release. On appeal from the criminal judgment, Pollack's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in denying Pollack's motion to withdraw his guilty plea and whether Pollack's sentence is procedurally and substantively reasonable. Pollack later filed a pro se supplemental brief challenging his conviction and sentence.

After conducting our *Anders* review of the record, we identified two nonfrivolous appellate issues, that is, (1) whether the district court adequately explained its reasons for imposing the discretionary conditions of supervised release, and (2) whether any discretionary conditions of supervised release imposed in the criminal judgment are inconsistent with the sentence orally pronounced during the sentencing hearing. We directed the parties to file briefs addressing those issues.

Pollack's counsel thereafter submitted a supplemental opening brief requesting a vacatur of the criminal judgment and a remand to the district court for resentencing. In response, the Government moved to vacate the criminal judgment and remand for resentencing. According to the Government, Pollack does not contest its motion to vacate and remand. For the reasons that follow, we affirm Pollack's conviction, but we grant the

2

Government's motion, vacate Pollack's sentence, and remand to the district court for resentencing.

Beginning with Pollack's conviction, counsel questions whether the district court erred in denying Pollack's motion to withdraw his guilty plea. Pollack presents several arguments on this issue in his pro se supplemental brief. We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea after the court accepts it but prior to the imposition of sentence, a defendant must "show a fair and just reason for requesting the withdrawal."[1] Fed. R. Crim. P. 11(d)(2)(B). A defendant, however, "has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." *Nicholson*, 676 F.3d at 383-84 (internal quotation marks omitted).

We have explained that "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the [Fed. R. Crim. P.] 11 colloquy at which the guilty plea was accepted." *Id.* at 384 (internal quotation marks omitted). "[A] properly conducted Rule 11 guilty plea colloquy . . . raises a strong presumption that the plea is final and binding." *Id.* (alteration and internal quotation marks omitted). In addition to the

---

[1] Despite Pollack's consent to entering his guilty plea before the magistrate judge, Pollack now asserts that the magistrate judge lacked the authority to accept his guilty plea. Pollack thus contends that he could withdraw his guilty plea "for any reason or no reason" before the sentencing hearing, pursuant to Fed. R. Crim. P. 11(d)(1). We reject this contention and Pollack's related contention that his conviction is infirm because the district court never accepted his guilty plea. *See United States v. Benton*, 523 F.3d 424, 431-33 (4th Cir. 2008) (rejecting identical attack on magistrate judge's authority).

adequacy of the Rule 11 colloquy, we also consider the following factors in assessing a

district court's denial of a motion to withdraw a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether [the] defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Based on our review of the plea hearing transcript, we are satisfied that the

magistrate judge fully complied with Rule 11 in accepting Pollack's guilty plea. We thus

presume that the guilty plea is final and binding. *Nicholson*, 676 F.3d at 384. Moreover,

application of the *Moore* factors here weighs in favor of sustaining Pollack's guilty plea.

We therefore conclude that the district court did not abuse its discretion in denying

Pollack's motion to withdraw his guilty plea, and we affirm Pollack's conviction.[2]

Turning to Pollack's sentence, we agree with the parties that the criminal judgment

imposes discretionary conditions of supervised release that the district court did not orally

pronounce during the sentencing hearing. As we have explained, such an error requires a

vacatur of the sentence and a remand for resentencing. *United States v. Singletary*, 984

---

[2] Pollack asserts in his pro se supplemental brief that his conviction is invalid because the indictment did not establish federal subject matter jurisdiction. Although the basis for Pollack's contention is not entirely clear, we have reviewed the indictment and discern no jurisdictional error therein. *See United States v. Wills*, 346 F.3d 476, 489 (4th Cir. 2003) (explaining that indictment is generally valid if it tracks language of statute defining offense charged); *United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995) (rejecting similar challenge to federal subject matter jurisdiction).

4

F.3d 341, 345-46 (4th Cir. 2021); *United States v. Rogers*, 961 F.3d 291, 300-01 (4th Cir. 2020).

Accordingly, although we affirm Pollack's conviction, we grant the Government's motion, vacate Pollack's sentence, and remand to the district court for resentencing. Because Pollack is entitled to a full resentencing hearing, we decline to address any other aspect of Pollack's sentence.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

---

[3] Insofar as Pollack pursues ineffective assistance of counsel claims that are not related to his motion to withdraw his guilty plea, we decline to address those claims because his trial counsel's ineffectiveness does not "conclusively appear[] on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016).